FIELDER ROAD V. GUIDEONE ELITE INS. CO.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-231-CV

FIELDER ROAD BAPTIST CHURCH APPELLANT

V.

GUIDEONE ELITE INSURANCE APPELLEE

COMPANY F/K/A PREFERRED 

ABSTAINERS INSURANCE COMPANY

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Introduction

In this declaratory judgment case, Fielder Road Baptist Church (“FRBC”) appeals the trial court’s determination that GuideOne Elite Insurance Company f/k/a Preferred Abstainers Insurance Company (“GuideOne”) has no duty to defend FRBC in an underlying lawsuit.  We reverse and render in part and remand in part.

Factual and Procedural Background

GuideOne issued a commercial general liability insurance policy to FRBC. The policy included sexual misconduct liability coverage:

We agree to cover your legal liability for damages because of bodily injury, excluding any sickness or disease, to any person arising out of sexual misconduct which occurs during the policy period.  We shall have the right and duty to investigate any claim . . . and to defend any suit brought against you seeking damages, even if the allegations of the suit are groundless, false or fraudulent, and we may make any settlement we deem expedient. 

FRBC is a named insured under the policy.  The policy became effective on March 31, 1993 and expired on March 31, 1994. 

On June 6, 2001, Jane Doe filed a sexual misconduct lawsuit against FRBC and Charles Patrick Evans.  In her pleadings, Jane Doe alleged that “[a]t all material times herein from 1992 to 1994, Evans was employed as an associate youth minister and was under Fielder Road’s direct supervision and control when he sexually exploited and abused Plaintiff.”  FRBC demanded that GuideOne defend it in the lawsuit and indemnify it for any judgment or settlement.  GuideOne agreed to defend FRBC, subject to its reservation of rights to a determination of coverage under the policy. 

On September 18, 2001, GuideOne then filed this declaratory judgment action seeking a construction of the policy and a declaration that it had no duty to defend or indemnify FRBC in the underlying sexual misconduct lawsuit.   GuideOne also sought discovery of extrinsic evidence outside the pleadings and the insurance policy.  The trial court denied FRBC’s motions objecting to the discovery requests concerning Evans’s employment history with FRBC.  FRBC then filed what the parties refer to as a “stipulation” that Evans ceased working for FRBC before the GuideOne policy went into effect.
(footnote: 1)   

GuideOne and FRBC each filed motions for summary judgment.  The trial court granted GuideOne’s motion for summary judgment, denied FRBC’s motion for summary judgment, and rendered a declaratory judgment declaring that GuideOne had no duty to defend FRBC in the underlying sexual misconduct case.  The trial court stated in the declaratory judgment that it considered the stipulation concerning Evans’s employment in reaching its decision.  In three issues on appeal, FRBC contends that the trial court erred by granting GuideOne’s motion for summary judgment, denying FRBC’s motion for summary judgment, and denying FRBC’s motions opposing discovery. 

Extrinsic Evidence

FRBC’s major complaint on appeal is that the trial court erred by considering evidence outside the pleadings and policy in determining whether GuideOne had a duty to defend FRBC.  GuideOne responds that extrinsic evidence may be considered to determine whether there is a duty to defend when coverage under the insurance policy, as opposed to liability, is challenged.   Whether an insurer of a liability policy is obligated to defend the insured is a question of law to be decided by the court.  
State Farm Lloyds v. Kessler, 
932 S.W.2d 732, 736 (Tex. App.—Fort Worth 1996, writ denied).  
An insurer’s duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy.  
Nat’l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc., 
939 S.W.2d 139, 141 (Tex. 1997); 
Kessler, 
932 S.W.2d
 
at 187.  This is sometimes referred to as the “eight corners” or “complaint allegation rule.”  
King v. Dallas Fire, 
85 S.W.3d 185, 187 (Tex. 2002).  Under this rule, the allegations in the pleadings are considered in light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be.  
Heyden Newport Chem. Corp. v. S. Gen. Ins. Co., 
387 S.W.2d 22, 24 (Tex. 1965).  Thus, the duty to defend is not affected by facts ascertained before suit or developed in the process of litigation, or by the ultimate outcome of the suit.  
Argonaut S.W. Ins. Co. v. Maupin, 
500 S.W.2d 633, 636 (Tex. 1973); 
Heyden, 
387 S.W.2d at 24.  If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured.  
King, 
85 S.W.3d at 187
.  
If a petition alleges facts that, if taken as true, potentially state a cause of action within the terms of the policy, the insurer has a duty to defend.  
Heyden, 
387 S.W.2d at 26.
  
When applying the eight corners rule, we give the allegations in the petition a liberal interpretation, focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged, and resolve all doubts concerning the duty to defend in favor of the insured.  
King, 
85 S.W.3d at 187; 
Nat’l Union Fire, 
939 S.W.2d at 141.  
   

Extrinsic evidence is permitted to show no duty to defend only in very limited circumstances.  
Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P., 
267 F. Supp. 2d 601, 621 (E.D. Tex. 2003); 
Tri-Coastal Contractors, Inc. v. Hartford Underwriters Ins. Co., 
981 S.W.2d 861, 863 n.1 (Tex. App.—Houston [1
st
 Dist.] 1998, pet. denied).  Those limited circumstances include the following: (1) whether a person has been excluded from any
 
coverage; (2) whether the property in suit has been excluded from any coverage; and (3) whether the policy exists.  
Westport Ins. Corp., 
267 F. Supp. 2d at 621; 
Tri-Coastal Contractors, Inc., 
981 S.W.2d at 863 n.1; 
Cook v. Ohio Cas. Ins. Co., 
418 S.W.2d 712, 715-16 (Tex. Civ. App.—Texarkana 1967, no pet.) (holding extrinsic evidence allowed to show automobile involved in accident was excluded from coverage); 
Int’l Serv. Ins. Co. v. Boll, 
392 S.W.2d 158, 161 (Tex. Civ. App.—Houston 
1965, writ ref’d n.r.e.) (holding extrinsic evidence allowed to show person involved in accident was excluded from policy).  These fundamental coverage issues must be capable of being determined by a readily ascertained fact that does not engage the truth or falsity of any material allegation in the underlying petition.  
See Westport Ins. Corp., 
267 F. Supp. 2d at 621; 
King, 
85 S.W.3d at 187 (“The court should not imagine factual scenarios that might trigger coverage or read facts into the pleadings.”); 
Argonaut S.W. Ins. Co, 
500 S.W.2d at 635 (holding duty to defend triggered if pleadings raise a potential for coverage”); 
Tri-Coastal Contractors, Inc., 
981 S.W.2d at 863 (holding court cannot question merits of underlying suit).
  
Courts have held that extrinsic evidence also may be considered to determine the duty to defend where the terms of the policy are ambiguous, or where the petition in the underlying suit does not allege facts sufficient for a determination of whether those facts, even if true, are covered by the policy.  
Kessler, 
932 S.W.2d at 736; 
State Farm Fire & Cas. Co. v. Wade, 
827 S.W.2d 448, 450 (Tex. App.—Corpus Christi 1992, writ denied).

GuideOne asserts that Jane Doe artfully pleaded facts to bring her claims within the policy’s coverage, and asserts that it can use the stipulation regarding Evans’s employment by FRBC as extrinsic evidence to rebut those allegations and thus show there is no coverage.  We disagree because the circumstances of this case do not fall within any of the recognized exceptions to the eight corners rule. 

In 
Gulf Chemical and Metallurgical Corporation v. Associated Metals & Minerals Corp., 
former steel mill employees sued toxic chemical manufacturers and suppliers, claiming that the chemicals caused them injuries from 1946 to 1990.  1 F.3d 365, 367 (5
th
 Cir. 1993).  Gulf Chemical, one of the suppliers, then sued its insurers for failing to defend it in the toxic tort case.  
Id.  
ISLIC had provided Gulf Chemical with liability coverage from January 17, 1985 to January 17, 1986.  
Id.  
ISLIC argued that the court could consider extrinsic evidence that Gulf Chemical did not ship chemicals to the steel mill until January 20, 1986, which was three days after its policy expired.  
Id.
 at 370-71.  The Fifth Circuit held that the extrinsic evidence concerning whether the alleged act actually occurred during the policy period could not be considered because it related to liability, not to a fundamental coverage issue.  
Id. 
at 371.

It is possible to discern from Jane Doe’s pleading that coverage is potentially implicated. Jane Doe unambiguously pleaded that from 1992 to 1994 she was sexually assaulted by Evans, who she claims was employed “at all relevant times herein” as an associate youth minister by FRBC and was under FRBC’s direct supervision and control when he committed the sexual assaults.  GuideOne insured FRBC for sexual misconduct claims alleged to have occurred between March 31, 1993 and March 31, 1994.  Importantly, the stipulation concerning the dates that Evans was employed by FRBC pertains to FRBC’s liability for his alleged conduct, and is not solely limited to coverage.
  See Gulf Chem., 
1 F.3d at 371.  Even when extrinsic evidence concerning the duty to defend is allowed, the court may consider only evidence pertaining to coverage, and it cannot consider facts pertaining to liability.  
Gonzales v. American States Ins. Co., 
628 S.W.2d 184, 187 (Tex. App.—Corpus Christi 1982, no writ). Moreover, GuideOne seeks to use the stipulation to show that the allegations are false, which it may not do.  
Tri-Coastal Contractors, Inc., 
981 S.W.2d at 863.  While the allegations concerning the dates Evans was employed by FRBC may not be true, the pleading clearly alleged a cause of action occurring during the policy period, and GuideOne agreed to defend FRBC from such claims “even if the allegations of the suit are groundless, false or fraudulent.”  Furthermore, fundamental policy coverage is not implicated.  FRBC was a named insured under the GuideOne policy, it is undisputed that a policy existed, and property is not at issue in this case.  

Taking the allegations in the underlying pleading as true, as we must, and focusing only on the eight corners of the pleading and the insurance policy, we conclude that the stipulation was not admissible to determine whether GuideOne had a duty to defend FRBC in the underlying litigation.  Thus, the trial court erred by considering the stipulation. 

Bodily Injury

The sexual misconduct clause of the policy provided coverage for “bodily injury, excluding any sickness or disease,” but did not define “bodily injury.”   GuideOne also moved for summary judgment on the ground that it had no duty to defend FRBC in the underlying litigation because Jane Doe’s pleading did not allege sufficient facts to show bodily injury, and the trial court granted GuideOne’s
 motion for summary judgment without specifying the ground or grounds it relied on for its ruling.  FRBC asserts on appeal that the trial court erred by granting the motion for summary judgment on the basis that the underlying pleadings did not adequately allege bodily injury.  We agree. 

In determining whether there is a duty to defend, the trial court looks only to the latest, amended pleading.  
Rhodes v. Chicago Ins. Co., 
719 F.2d 116, 119 (5
th
 Cir. 1983).  In her third amended petition, Jane Doe alleged that Evans “sexually molested,” “sexually abused,” “sexually assaulted,” and “sexually violated” her, and, as a result, she suffered “emotional distress” and “bodily injury.”  The petition does not describe the bodily injuries Doe claims to have sustained.  Doe sought damages for counseling expenses, severe psychological pain and suffering, physical pain and suffering, mental anguish, and loss of earning capacity. 

This is not a case like 
Trinity Universal Insurance Company v. Cowan, 
upon which GuideOne relies.  945 S.W.2d 819 (Tex. 1997).  In 
Cowan, 
the term “bodily injury” was defined in the policy, and the claimant sought damages for purely emotional injuries resulting from the insured’s showing compromising pictures of her to others.  
Id.
 at 821, 822.  Because that case was controlled by the policy’s definition of “bodily injury” as “bodily harm, sickness or disease.  This includes required care, loss of services and death that results,” the supreme court concluded that the claimant’s purely emotional injuries did not fall within the policy’s coverage for “bodily injury.”  
Id. 
at 824-25.

When the terms of an insurance policy are unambiguous, as they are here, they are to be given their plain, ordinary, and generally accepted meaning unless the instrument itself shows that the terms have been used in a technical or different sense.  
Ramsay v. Md. Am. Gen. Ins. Co., 
533 S.W.2d 344, 346 (Tex. 1976).  In this case, the policy does not define bodily injury.  The offense of sexual assault may consist of penetration of the body, and Doe alleged that she suffered bodily injury and physical pain as a result.  Giving the term “bodily injury” its plain meaning, we conclude that Doe alleged a claim for damages as a result of bodily injury from sexual misconduct.  Thus, her pleadings were specific enough to assert a claim within the policy’s coverage.

Discovery

FRBC also asserts on appeal that the trial court erred in denying its motion for protective order, motion to quash deposition notice of its representative, and motion to strike the stipulation regarding Evans’s employment because the discovery sought by GuideOne was inadmissible extrinsic evidence concerning Evans’s employment history with FRBC.  In response, GuideOne simply argues that the evidence was relevant and admissible.  

We have held that extrinsic evidence concerning Evans’s employment history with FRBC could not be considered in determining whether GuideOne had a duty to defend FRBC in the underlying lawsuit because the terms of the policy and the pleadings alone defined GuideOne’s duty to defend.  We thus conclude that the trial court abused its discretion by denying FRBC’s motions in opposition to discovery concerning Evans’s employment history with FRBC.  
See Nat’l Union Fire Ins. Co. v. CBI Indus., Inc., 
907 S.W.2d 517, 521 (Tex. 1995); 
J.E.M. v. Fidelity & Cas. Co. of New York, 
928 S.W.2d 668, 676 (Tex. App.—Houston [1
st
 Dist.] 1996, no writ); 
Clemons v. State Farm Fire & Cas. Co., 
879 S.W.2d 385, 394 (Tex. App.—Houston [14
th
 Dist.] 1994, no writ).
 

Conclusion

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties’ summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered.  
Dow Chem. Corp. v. Bright, 
89 S.W.3d 602, 605 (Tex. 2002); 
Jones v. Strauss, 
745 S.W.2d 898, 900 (Tex. 1988); 
see also 
Tex. R. App. P.
 43.3.  FRBC sought final judgment as a matter of law in its motion for summary judgment.  
See CU Lloyd’s of Texas v. Feldman, 
977 S.W.2d 568, 569 (Tex. 1998) (holding that before court of appeals may reverse summary judgment for one party and render judgment for the other party, both parties must ordinarily have sought final judgment relief in their cross motions for summary judgment); 
Bowman v. Lumberton I.S.D., 
801 S.W.2d 883, 889-90 (Tex. 1990) (op. on reh’g) (same).  Whether an insurance carrier owes a duty to defend under an insurance policy is a question of law.  
Kessler, 
85 S.W.2d at 736.  

We sustain FRBC’s issues on appeal, reverse the trial court’s judgment, render judgment that GuideOne has a duty to defend FRBC in the underlying litigation, and remand this case, as prayed for by FRBC, for a hearing on costs and attorney’s fees. 

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  May 20, 2004

FOOTNOTES
1:
The document referred to by the parties as a stipulation and signed only by FRBC’s attorney, and not GuideOne’s, and to which we note Jane Doe is not a party, stated:

Charles Patrick Evans became a part-time intern in the youth department of Defendant FRBC on November 14, 1991.  On January 1, 1992, Charles Patrick Evans was hired as a part-time associate in the youth department of Defendant FRBC.  Charles Patrick Evans left employment with Defendant FRBC on or about December 15, 1992.  Charles Patrick Evans never served, nor was he ever authorized to so act as an officer or director of Defendant FRBC.  Charles Patrick Evans did not serve, nor was he authorized to act, as an employee, or volunteer of Defendant FRBC at any time after December 1992.  Charles Patrick Evans was officially removed as a member of Defendant FRBC in February of 1993.