**TRI–COASTAL CONTRACTORS, INC., Appellant,**

v.

**HARTFORD UNDERWRITERS INSURANCE CO., Appellee.**

No. 01–97–00618–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 29, 1998.

Rehearing Overruled Jan. 11, 1999.

Raymond H. Stauffacher, Jr., Houston, for Appellant.

Fred A. Simpson, Houston, for Appellee.

Before O'CONNOR, TAFT and SMITH,* JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

Tri–Coastal Contractors, Inc., appellant here and defendant below, appeals from the granting of summary judgment in favor of Hartford Underwriters Insurance Co., appellee and plaintiff below. The issue is whether the trial court can consider information outside the petition and the insurance policy in determining the duty to defend. We hold it cannot. On motion for rehearing, we overrule the motion, withdraw our earlier opinion, and issue this one in its stead. We reverse and render judgment for Tri–Coastal.

### Background

Hartford issued an insurance policy that provided Tri–Coastal two types of coverage. Part One provided workers' compensation insurance and Part Two provided employer's liability insurance. Part Two excluded from coverage "any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law." The policy required Hartford to defend Tri–Coastal from lawsuits demanding policy benefits or damages.

Tri–Coastal was sued by one of its employees, Johnny Antwine, for an on-the-job injury he suffered on July 28, 1992 (the Antwine suit). The petition in that suit alleged that

Antwine was injured while performing his trash collecting duties when his right hand and arm were crushed by a trash compactor, and that Tri–Coastal was negligent in training, assigning, and supervising its employees. The Antwine petition made no mention of worker's compensation benefits.

Hartford defended Tri–Coastal in the Antwine suit under a reservation of rights letter. Under that letter, Hartford reserved the right to bring a declaratory action seeking reimbursement for defense costs if it was determined that it had no duty to defend. The Antwine suit was settled.

Hartford then filed this suit for declaratory relief against Tri–Coastal, claiming it owed no further coverage under the policy. Hartford filed a motion for summary judgment, claiming Tri–Coastal was not entitled to liability coverage under Part Two because Hartford paid Antwine for workers' compensation benefits under Part One. To prove it had no duty to defend, Hartford attached to its motion for summary judgment the following documents: (1) the insurance policy; (2) Antwine's petitions; (3) documents from the file of the Texas Workers' Compensation Commission, including the report of Antwine's on-the-job injury, a medical evaluation, and letters to Antwine; and (4) copies of checks issued by Hartford to Antwine showing payment of compensation benefits. Tri–Coastal filed no response or summary judgment evidence.

The trial court granted Hartford's motion for summary judgment and awarded Hartford $40,000 for defense costs in the Antwine suit and costs for bringing the declaratory judgment.

In point of error one, Tri–Coastal argues the trial court erred in finding Hartford had no duty to defend Tri–Coastal in the Antwine lawsuit because the trial court should not have considered any information outside the petition and the policy in determining the duty to defend. In response, Hartford argues it was entitled to rely on extrinsic evidence to show it had no duty to defend.

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas, participating by assignment.

## Summary Judgment Standard

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). In reviewing the summary judgment, we indulge every reasonable inference in favor of the nonmovant, resolve any doubts in its favor, and take as true all evidence favorable to it. *Johnson*, 891 S.W.2d at 644; *Bangert v. Baylor College of Med.*, 881 S.W.2d 564, 565–66 (Tex.App.— Houston [1st Dist.] 1994, writ denied). When a plaintiff moves for summary judgment, it must prove it is entitled to judgment as a matter of law on each element of its cause of action. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986).

## Duty to Defend

 An insurer's duty to defend is determined by the "eight corners rule," which limits our review to the four corners of the insurance policy and the four corners of the plaintiff's petition. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex.1997); *Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ denied). When deciding a duty to defend issue, we assume the facts in the plaintiff's petition are true, and determine if they fall within the limits of the policy. *Houston Petroleum*, 830 S.W.2d at 155. If the policy is vague, it is construed against the insurer in favor of finding a duty to defend. *Id.* Any uncertainty about whether allegations in a petition state a covered cause of action is resolved in favor of the insured.[1] *National Union*, 939 S.W.2d at

141. The duty to defend is not affected by facts learned before, during, or after the suit. *American Alliance Ins. Co. v. Frito–Lay, Inc.*, 788 S.W.2d 152, 154 (Tex.App.—Dallas 1990, writ denied). The duty is determined without reference to what the parties know the true facts to be. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex.1965).

The original purpose of the eight-corners rule was to preclude an insurance company from refusing to defend an insured based on the lack of merit of the plaintiff's case. Because a liability policy is a contract under which an insurance company agrees to assume both the defense of the suit and the liability if the insured was found responsible, the eight corners rule prevents the insurance company from refusing to defend based on the merits of the suit.

 Hartford relies on *State Farm Fire & Cas. Co. v. Wade*, 827 S.W.2d 448, 452 (Tex. App.—Corpus Christi 1992, writ denied), for the proposition that extrinsic evidence may be introduced to show no duty to defend when the underlying petition does not address the applicability of a policy exclusion. The *Wade* court said "when the petition in the underlying lawsuit does not allege facts sufficient for a determination of whether those facts, even if true, are covered by the policy, the evidence adduced at the trial in a declaratory judgment action may be considered along with the allegations in the underlying petition." *Id.*

We are unable to find other Texas appellate courts that have followed the *Wade* rationale. Even if we were to craft an exception to the general rule allowing in extrinsic evidence when the evidence goes solely to the

---

1. Generally, extrinsic evidence is not permitted when determining whether an insurer has a duty to defend. *See* ALLAN D. WINDT, 1 INSURANCE CLAIMS AND DISPUTES §4.04 (3d ed.1995). In Texas, extrinsic evidence is permitted to show no duty to defend only in very limited circumstances, for example where the evidence is used to disprove the fundamentals of insurance coverage, such as whether the person sued is excluded from the policy, whether a policy contract exists, or whether the property in question is insured under the policy. *See, e.g., Cook v. Ohio Cas. Ins. Co.*, 418 S.W.2d 712, 715–16 (Tex.App.— Texarkana 1967, no writ) (extrinsic evidence allowed

to show automobile involved in accident was excluded from coverage); *International Serv. Ins. Co. v. Boll*, 392 S.W.2d 158, 161 (Tex.App.— Houston [1st Dist.] 1965, writ ref'd n.r.e.) (extrinsic evidence allowed to show person involved in accident was excluded from policy); *see also State Farm Fire & Cas. Co. v. Wade*, 827 S.W.2d 448, 454 (Tex.App.—Corpus Christi 1992, writ denied) (concurring opinion discussing use of extrinsic evidence). Here, the evidence was not sought to show the person or entity sued, Tri–Coastal, was excluded from coverage, but to show the person suing, Antwine, was excluded from coverage.

issue of coverage and not to the merits of the underlying case, such an exception would not apply here. In this case, the issue of whether Antwine collected workers' compensation benefits goes to the merits of his lawsuit because he may not sue Tri–Coastal for negligence if he collected workers' compensation benefits for the same injury. TEX. LAB.CODE §408.001(a) (1998); *Dickson v. Silva*, 880 S.W.2d 785, 788 (Tex.App.—Houston [1st Dist.] 1993, writ denied).[2] Antwine's acceptance of worker's compensation benefits barred him from collecting from Tri–Coastal for negligence or gross negligence and is an absolute defense for Tri–Coastal against Antwine's suit. Tri–Coastal was required to defend itself against Antwine's suit whether Antwine's suit had merit or not. Tri–Coastal purchased insurance from Hartford to cover both the cost of defending a suit and the cost of paying a claim if it was found liable.

Resolving all doubts in favor of Tri–Coastal, we hold the trial court erred in considering extrinsic evidence in determining Hartford's duty to defend. Looking only at the face of Antwine's pleadings and the policy, it is not clear that Hartford had no duty to defend Tri–Coastal.

We sustain point of error one.

### Award of Attorney's Fees

In point of error two, Tri–Coastal argues the trial court erred in granting attorney's fees to Hartford. We agree.

If Hartford had a duty to defend Tri–Coastal, that duty was not altered by any outside facts, whether known before, during, or after the resolution of Antwine's suit. *Heyden Newport*, 387 S.W.2d at 24; *American Alliance*, 788 S.W.2d at 154. Hartford may not collect from Tri–Coastal the cost of defending a suit against which it had a duty to defend.

We sustain point of error two.

**2.** Section 408.001 provides:
(a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

We reverse the judgment of the trial court and render judgment for Tri–Coastal.

(b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.
TEX. LAB.CODE §408.001 (1998).