COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-231-CV
  
  
FIELDER ROAD BAPTIST CHURCH                                           APPELLANT
 
V.
  
GUIDEONE ELITE INSURANCE                                                    APPELLEE
COMPANY F/K/A PREFERRED
ABSTAINERS INSURANCE COMPANY
 
  
------------
 
FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
Introduction
        In 
this declaratory judgment case, Fielder Road Baptist Church (“FRBC”) appeals 
the trial court’s determination that GuideOne Elite Insurance Company f/k/a 
Preferred Abstainers Insurance Company (“GuideOne”) has no duty to defend 
FRBC in an underlying lawsuit.  We reverse and render in part and remand in 
part.
Factual and Procedural Background
        GuideOne 
issued a commercial general liability insurance policy to FRBC.  The policy 
included sexual misconduct liability coverage:
 
We agree 
to cover your legal liability for damages because of bodily injury, excluding 
any sickness or disease, to any person arising out of sexual misconduct which 
occurs during the policy period. We shall have the right and duty to investigate 
any claim . . . and to defend any suit brought against you seeking damages, even 
if the allegations of the suit are groundless, false or fraudulent, and we may 
make any settlement we deem expedient.

FRBC is a named insured 
under the policy. The policy became effective on March 31, 1993 and expired on 
March 31, 1994.
        On 
June 6, 2001, Jane Doe filed a sexual misconduct lawsuit against FRBC and 
Charles Patrick Evans. In her pleadings, Jane Doe alleged that “[a]t all 
material times herein from 1992 to 1994, Evans was employed as an associate 
youth minister and was under Fielder Road’s direct supervision and control 
when he sexually exploited and abused Plaintiff.”  FRBC demanded that 
GuideOne defend it in the lawsuit and indemnify it for any judgment or 
settlement.  GuideOne agreed to defend FRBC, subject to its reservation of 
rights to a determination of coverage under the policy.
        On 
September 18, 2001, GuideOne then filed this declaratory judgment action seeking 
a construction of the policy and a declaration that it had no duty to defend or 
indemnify FRBC in the underlying sexual misconduct lawsuit. GuideOne also sought 
discovery of extrinsic evidence outside the pleadings and the insurance policy. 
The trial court denied FRBC’s motions objecting to the discovery requests 
concerning Evans’s employment history with FRBC. FRBC then filed what the 
parties refer to as a “stipulation” that Evans ceased working for FRBC 
before the GuideOne policy went into effect.[1]
        GuideOne 
and FRBC each filed motions for summary judgment.  The trial court granted 
GuideOne’s motion for summary judgment, denied FRBC’s motion for summary 
judgment, and rendered a declaratory judgment declaring that GuideOne had no 
duty to defend FRBC in the underlying sexual misconduct case.  The trial 
court stated in the declaratory judgment that it considered the stipulation 
concerning Evans’s employment in reaching its decision.  In three issues 
on appeal, FRBC contends that the trial court erred by granting GuideOne’s 
motion for summary judgment, denying FRBC’s motion for summary judgment, and 
denying FRBC’s motions opposing discovery.
Extrinsic Evidence
        FRBC’s 
major complaint on appeal is that the trial court erred by considering evidence 
outside the pleadings and policy in determining whether GuideOne had a duty to 
defend FRBC.  GuideOne responds that extrinsic evidence may be considered 
to determine whether there is a duty to defend when coverage under the insurance 
policy, as opposed to liability, is challenged.
        Whether 
an insurer of a liability policy is obligated to defend the insured is a 
question of law to be decided by the court. State Farm Lloyds v. Kessler, 
932 S.W.2d 732, 736 (Tex. App.—Fort Worth 1996, writ denied).  An 
insurer’s duty to defend is determined solely by the allegations in the 
pleadings and the language of the insurance policy. Nat’l Union Fire Ins. 
Co. v. Merchants Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997); Kessler, 
932 S.W.2d at 187.  This is sometimes referred to as the “eight 
corners” or “complaint allegation rule.”  King v. Dallas Fire, 
85 S.W.3d 185, 187 (Tex. 2002). Under this rule, the allegations in the 
pleadings are considered in light of the policy provisions without reference to 
the truth or falsity of such allegations and without reference to what the 
parties know or believe the true facts to be.  Heyden Newport Chem. 
Corp. v. S. Gen. Ins. Co., 387 S.W.2d 22, 24 (Tex. 1965).  Thus, the 
duty to defend is not affected by facts ascertained before suit or developed in 
the process of litigation, or by the ultimate outcome of the suit.  Argonaut 
S.W. Ins. Co. v. Maupin, 500 S.W.2d 633, 636 (Tex. 1973); Heyden, 387 
S.W.2d at 24.  If a petition does not allege facts within the scope of 
coverage, an insurer is not legally required to defend a suit against its 
insured.  King, 85 S.W.3d at 187. If a petition alleges facts that, 
if taken as true, potentially state a cause of action within the terms of the 
policy, the insurer has a duty to defend.  Heyden, 387 S.W.2d at 
26.  When applying the eight corners rule, we give the allegations in the 
petition a liberal interpretation, focus on the factual allegations that show 
the origin of the damages rather than on the legal theories alleged, and resolve 
all doubts concerning the duty to defend in favor of the insured. King, 
85 S.W.3d at 187; Nat’l Union Fire, 939 S.W.2d at 141.
        Extrinsic 
evidence is permitted to show no duty to defend only in very limited 
circumstances.  Westport Ins. Corp. v. Atchley, Russell, Waldrop & 
Hlavinka, L.L.P., 267 F. Supp. 2d 601, 621 (E.D. Tex. 2003); Tri-Coastal 
Contractors, Inc. v. Hartford Underwriters Ins. Co., 981 S.W.2d 861, 863 n.1 
(Tex. App.—Houston [1st Dist.] 1998, pet. denied).  Those 
limited circumstances include the following: (1) whether a person has been 
excluded from any coverage; (2) whether the property in suit has been excluded 
from any coverage; and (3) whether the policy exists. Westport Ins. Corp., 
267 F. Supp. 2d at 621; Tri-Coastal Contractors, Inc., 981 S.W.2d at 863 
n.1; Cook v. Ohio Cas. Ins. Co., 418 S.W.2d 712, 715-16 (Tex. Civ. 
App.—Texarkana 1967, no pet.) (holding extrinsic evidence allowed to show 
automobile involved in accident was excluded from coverage); Int’l Serv. 
Ins. Co. v. Boll, 392 S.W.2d 158, 161 (Tex. Civ. App.—Houston 1965, writ 
ref’d n.r.e.) (holding extrinsic evidence allowed to show person involved in 
accident was excluded from policy).  These fundamental coverage issues must 
be capable of being determined by a readily ascertained fact that does not 
engage the truth or falsity of any material allegation in the underlying 
petition.  See Westport Ins. Corp., 267 F. Supp. 2d at 621; King, 
85 S.W.3d at 187 (“The court should not imagine factual scenarios that might 
trigger coverage or read facts into the pleadings.”); Argonaut S.W. Ins. 
Co, 500 S.W.2d at 635 (holding duty to defend triggered if pleadings raise a 
potential for coverage”); Tri-Coastal Contractors, Inc., 981 S.W.2d at 
863 (holding court cannot question merits of underlying suit).  Courts have 
held that extrinsic evidence also may be considered to determine the duty to 
defend where the terms of the policy are ambiguous, or where the petition in the 
underlying suit does not allege facts sufficient for a determination of whether 
those facts, even if true, are covered by the policy.  Kessler, 932 
S.W.2d at 736; State Farm Fire & Cas. Co. v. Wade, 827 S.W.2d 448, 
450 (Tex. App.—Corpus Christi 1992, writ denied).
        GuideOne 
asserts that Jane Doe artfully pleaded facts to bring her claims within the 
policy’s coverage, and asserts that it can use the stipulation regarding 
Evans’s employment by FRBC as extrinsic evidence to rebut those allegations 
and thus show there is no coverage.  We disagree because the circumstances 
of this case do not fall within any of the recognized exceptions to the eight 
corners rule.
        In 
Gulf Chemical and Metallurgical Corporation v. Associated Metals & 
Minerals Corp., former steel mill employees sued toxic chemical 
manufacturers and suppliers, claiming that the chemicals caused them injuries 
from 1946 to 1990. 1 F.3d 365, 367 (5th Cir. 1993).  Gulf 
Chemical, one of the suppliers, then sued its insurers for failing to defend it 
in the toxic tort case.  Id. ISLIC had provided Gulf Chemical with 
liability coverage from January 17, 1985 to January 17, 1986.  Id. 
ISLIC argued that the court could consider extrinsic evidence that Gulf Chemical 
did not ship chemicals to the steel mill until January 20, 1986, which was three 
days after its policy expired. Id. at 370-71.  The Fifth Circuit 
held that the extrinsic evidence concerning whether the alleged act actually 
occurred during the policy period could not be considered because it related to 
liability, not to a fundamental coverage issue. Id. at 371.
        It 
is possible to discern from Jane Doe’s pleading that coverage is potentially 
implicated.  Jane Doe unambiguously pleaded that from 1992 to 1994 she was 
sexually assaulted by Evans, who she claims was employed “at all relevant 
times herein” as an associate youth minister by FRBC and was under FRBC’s 
direct supervision and control when he committed the sexual assaults.  
GuideOne insured FRBC for sexual misconduct claims alleged to have occurred 
between March 31, 1993 and March 31, 1994.  Importantly, the stipulation 
concerning the dates that Evans was employed by FRBC pertains to FRBC’s 
liability for his alleged conduct, and is not solely limited to coverage.  See 
Gulf Chem., 1 F.3d at 371.  Even when extrinsic evidence concerning the 
duty to defend is allowed, the court may consider only evidence pertaining to 
coverage, and it cannot consider facts pertaining to liability. Gonzales v. 
American States Ins. Co., 628 S.W.2d 184, 187 (Tex. App.—Corpus Christi 
1982, no writ).  Moreover, GuideOne seeks to use the stipulation to show 
that the allegations are false, which it may not do.  Tri-Coastal 
Contractors, Inc., 981 S.W.2d at 863. While the allegations concerning the 
dates Evans was employed by FRBC may not be true, the pleading clearly alleged a 
cause of action occurring during the policy period, and GuideOne agreed to 
defend FRBC from such claims “even if the allegations of the suit are 
groundless, false or fraudulent.”  Furthermore, fundamental policy 
coverage is not implicated.  FRBC was a named insured under the GuideOne 
policy, it is undisputed that a policy existed, and property is not at issue in 
this case.
        Taking 
the allegations in the underlying pleading as true, as we must, and focusing 
only on the eight corners of the pleading and the insurance policy, we conclude 
that the stipulation was not admissible to determine whether GuideOne had a duty 
to defend FRBC in the underlying litigation.  Thus, the trial court erred 
by considering the stipulation.
Bodily Injury
        The 
sexual misconduct clause of the policy provided coverage for “bodily injury, 
excluding any sickness or disease,” but did not define “bodily injury.” 
GuideOne also moved for summary judgment on the ground that it had no duty to 
defend FRBC in the underlying litigation because Jane Doe’s pleading did not 
allege sufficient facts to show bodily injury, and the trial court granted 
GuideOne’s motion for summary judgment without specifying the ground or 
grounds it relied on for its ruling.  FRBC asserts on appeal that the trial 
court erred by granting the motion for summary judgment on the basis that the 
underlying pleadings did not adequately allege bodily injury.  We agree.
        In 
determining whether there is a duty to defend, the trial court looks only to the 
latest, amended pleading. Rhodes v. Chicago Ins. Co., 719 F.2d 116, 119 
(5th Cir. 1983).  In her third amended petition, Jane Doe 
alleged that Evans “sexually molested,” “sexually abused,” “sexually 
assaulted,” and “sexually violated” her, and, as a result, she suffered 
“emotional distress” and “bodily injury.”  The petition does not 
describe the bodily injuries Doe claims to have sustained.  Doe sought 
damages for counseling expenses, severe psychological pain and suffering, 
physical pain and suffering, mental anguish, and loss of earning capacity.
        This 
is not a case like Trinity Universal Insurance Company v. Cowan, upon 
which GuideOne relies. 945 S.W.2d 819 (Tex. 1997).  In Cowan, the 
term “bodily injury” was defined in the policy, and the claimant sought 
damages for purely emotional injuries resulting from the insured’s showing 
compromising pictures of her to others.  Id. at 821, 822.  
Because that case was controlled by the policy’s definition of “bodily 
injury” as “bodily harm, sickness or disease.  This includes required 
care, loss of services and death that results,” the supreme court concluded 
that the claimant’s purely emotional injuries did not fall within the 
policy’s coverage for “bodily injury.”  Id. at 824-25.
        When 
the terms of an insurance policy are unambiguous, as they are here, they are to 
be given their plain, ordinary, and generally accepted meaning unless the 
instrument itself shows that the terms have been used in a technical or 
different sense.  Ramsay v. Md. Am. Gen. Ins. Co., 533 S.W.2d 344, 
346 (Tex. 1976).  In this case, the policy does not define bodily 
injury.  The offense of sexual assault may consist of penetration of the 
body, and Doe alleged that she suffered bodily injury and physical pain as a 
result.  Giving the term “bodily injury” its plain meaning, we conclude 
that Doe alleged a claim for damages as a result of bodily injury from sexual 
misconduct.  Thus, her pleadings were specific enough to assert a claim 
within the policy’s coverage.
Discovery
        FRBC 
also asserts on appeal that the trial court erred in denying its motion for 
protective order, motion to quash deposition notice of its representative, and 
motion to strike the stipulation regarding Evans’s employment because the 
discovery sought by GuideOne was inadmissible extrinsic evidence concerning 
Evans’s employment history with FRBC.  In response, GuideOne simply 
argues that the evidence was relevant and admissible.
        We 
have held that extrinsic evidence concerning Evans’s employment history with 
FRBC could not be considered in determining whether GuideOne had a duty to 
defend FRBC in the underlying lawsuit because the terms of the policy and the 
pleadings alone defined GuideOne’s duty to defend.  We thus conclude that 
the trial court abused its discretion by denying FRBC’s motions in opposition 
to discovery concerning Evans’s employment history with FRBC.  See 
Nat’l Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 521 (Tex. 
1995); J.E.M. v. Fidelity & Cas. Co. of New York, 928 S.W.2d 668, 676 
(Tex. App.—Houston [1st Dist.] 1996, no writ); Clemons v. State 
Farm Fire & Cas. Co., 879 S.W.2d 385, 394 (Tex. App.—Houston [14th 
Dist.] 1994, no writ).
Conclusion
        When 
both parties move for summary judgment and the trial court grants one motion and 
denies the other, the reviewing court should review both parties’ summary 
judgment evidence, determine all questions presented, and render the judgment 
that the trial court should have rendered.  Dow Chem. Corp. v. Bright, 
89 S.W.3d 602, 605 (Tex. 2002); Jones v. Strauss, 745 S.W.2d 898, 900 
(Tex. 1988); see also Tex. R. App. 
P. 43.3.  FRBC sought final judgment as a matter of law in its 
motion for summary judgment.  See CU Lloyd’s of Texas v. Feldman, 
977 S.W.2d 568, 569 (Tex. 1998) (holding that before court of appeals may 
reverse summary judgment for one party and render judgment for the other party, 
both parties must ordinarily have sought final judgment relief in their cross 
motions for summary judgment); Bowman v. Lumberton I.S.D., 801 S.W.2d 
883, 889-90 (Tex. 1990) (op. on reh’g) (same).  Whether an insurance 
carrier owes a duty to defend under an insurance policy is a question of law. Kessler, 
85 S.W.2d at 736.
        We 
sustain FRBC’s issues on appeal, reverse the trial court’s judgment, render 
judgment that GuideOne has a duty to defend FRBC in the underlying litigation, 
and remand this case, as prayed for by FRBC, for a hearing on costs and 
attorney’s fees.


 
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
  
PANEL B:   HOLMAN, 
GARDNER, and WALKER, JJ.
 
DELIVERED: May 20, 2004


NOTES
1.  The document referred to by the 
parties as a stipulation and signed only by FRBC’s attorney, and not 
GuideOne’s, and to which we note Jane Doe is not a party, stated:

Charles Patrick Evans became a part-time intern in the 
youth department of Defendant FRBC on November 14, 1991. On January 1, 1992, 
Charles Patrick Evans was hired as a part-time associate in the youth department 
of Defendant FRBC. Charles Patrick Evans left employment with Defendant FRBC on 
or about December 15, 1992. Charles Patrick Evans never served, nor was he ever 
authorized to so act as an officer or director of Defendant FRBC. Charles 
Patrick Evans did not serve, nor was he authorized to act, as an employee, or 
volunteer of Defendant FRBC at any time after December 1992. Charles Patrick 
Evans was officially removed as a member of Defendant FRBC in February of 1993.